IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CR. NO: 2:05 cr 267-T |
| ) | WO |
| PRESTON GRICE; ) | |
| LEEANDORA WOODS; ) | |
| COREY HARVEY, ) | |
| ) | |
| Defendants. ) | |

**MOTION FOR REVOCATION OF DETENTION ORDER**

COMES NOW, Preston Grice (hereinafter referred to as the Defendant Grice) and respectfully Moves this Honorable Court to Revoke the Detention Order, pursuant to Title 18 U.S.C. 3145 (b), dated November 18, 2005, issued by the Honorable Susan Russ Walker, Magistrate Judge, wherein the Defendant Grice was ordered detained pending further hearing in this cause. In support of this Motion, the Defendant would show unto this Court, the following :

1. A bail/detention hearing was conducted before the Honorable Susan Russ Walker, Magistrate Judge, on or about November 7, 2005. The Court granted the United States' (hereinafter referred to as the Government) Motion for Detention Pending Trial by Order dated November 18, 2005.

2. Title 18 U.S.C. 3145, (e) (3), states, "subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the

1

appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person for which the maximum term of imprisonment is 10 years . . ."

Said statute also provides in section (I) the following:

**"(I) Contents of Detention Order.-** In a detention order issued under subsection (e) of this section, the judicial officer shall-

  **(1)** include written findings of fact and a written statement of the reasons for detention..."

It has also been established in U.S. vs. King that:

"**[1]** In *Hurtado*, we observed that in order to trigger section 3142 (e)'s rebuttable presumption, the government need not make a showing of probable cause independent of the grand jury's indictment. *Hurtado*, 779 F.2d at 1479. ..."
... "King is therefore charged with offenses involving a narcotic drug punishable by more than ten years imprisonment under the Controlled Substances Act, 21 U.S.C. § 801 *et. seq. See also* 18 U.S.C. § 3142(e); 18 U.S.C. § 3142(g)(4). Accordingly, we conclude that the magistrate properly found that the circumstances of this case create a rebuttable presumption of flight under the terms of section 3142(e). We note, however, that this statutory presumption imposes only the burden of production on King and does not shift the burden of persuasion concerning risk of flight and dangerousness. *Hurtado*, 779 F.2d at 1478; *Jessup*, 757 F.2d 878 at 381-84 (1st Cir.1985)."
U.S. vs. King, 849 F.2d 485, 487, 488 (11th Cir. 1988)

3.     The Honorable Susan Russ Walker, Magistrate Judge, made the following findings to support the Detention Order:

"The Defendant has a lengthy criminal history including two arrests for weapon offenses, an assault conviction and a conviction for possession, purchase and trafficking in cocaine."..

The weapon offenses were misdemeanor charges of possessing a pistol without a

license. The conviction for possession, purchase and trafficking in cocaine occurred when the Defendant was nineteen (19) years old (he was charged when he was eighteen (18) years old), which was over eleven (11) years ago.

Additionally, The Honorable Susan Russ Walker's Order stated that the officers found a shoulder held rocket launcher and several firearms in the residence searched[1]. The shoulder held rocket launcher was a single fire rocket launcher as testified to by Detective Edwards. This rocket launcher had already been used and was nothing short of a novelty time item and/or souvenir which can be purchased on information and belief of the Defendant locally. The rocket launcher was not usable and reference thereto is prejudicial solely by reason of the reference thereto as the testimony was clear that it was no longer usable. The reference thereto in and of itself is prejudicial as is the reference to the several firearms without distinguishing the nature and character of the firearms. If counsel's recollection is correct, the firearms were four rifles which were discovered in the residence. Rifles are utilized for hunting and typically are not the type weapons which are associated with drug dealers (i.e., pistols, revolvers, etc.). Therefore, reference in the Order as to the firearms is also prejudicial without setting forth the nature and character of said firearms.

The Court further found that a substantial quantity of drugs were found in a residence for which the Defendant Grice possessed a key. As stated in footnote 1 though, the key was obtained through an unlawful detention and arrest as there was absolutely no probable cause

---

[1] The Government alleges possession of the residence in the Defendant Grice by reason of a key fitting a lock on the door of said residence on Grice's key chain which was illegally seized.

to have detained the Defendant at the time.

Furthermore, the Court found in its Detention Order that the Defendant had failed to appear on numerous traffic citations and had a previous arrest for attempting to allude police. Counsel does not recall that the Government put on evidence of the numerous traffic citations or the failure to appear for the same. While the same may have been information which the Court had, counsel does not recall that the Government placed this information on the record; and, therefore, exception is taken thereto. Additionally, the attempt to allude was exactly as the Court characterized it as an arrest and not a conviction. Therefore, use of said arrest is prejudicial where no conviction was obtained.

In light of the above, with all due respect to the Magistrate Judge, the pertinent factors for consideration of detention dealt with a conviction for cocaine possession and trafficking when the Defendant was nineteen years old (eighteen years old at the time of the commission of the offense), and the potential length of sentence should drugs which were found in the residence based upon what the Defendant shall contend was an illegal search and seizure were attributable to the Defendant solely by reason of an alleged key which was also illegally seized from the Defendant.

The Defendant, with all due respect, submits that he submitted through the testimony of his mother sufficient evidence to rebut the rebuttable presumption set forth in the Court's Order that no conditions or a combination of conditions would reasonably assure the appearance of the Defendant or protect the community.

4.    Other than the presumption of the length of sentence, premised upon alleged

drug quantity, the Defendant Grice respectfully submits that he presented substantial evidence to rebut the adverse presumption in the form of testimony that said Defendant was not a danger to society nor a flight risk of not appearing at trial.

The Defendant submitted evidence that none of the drugs were seized from the Defendant Grice; that he was illegally stopped and detained without probable cause; that any information allegedly used to obtain an initial search warrant and to engage in surveillance came from someone whom told an alleged confidential CS whom had been reliable (not the person whom purportedly informed the informer); which CS then told another officer whom told the Affiant Scott Edwards, whom obtained an arrest warrant from the same magistrate whom ruled on the Detention Order. The Affidavit in aid of the arrest warrant appeared to allege that the CS provided the information, and not someone whom told the CS (thrice or fourth removed hearsay; fourth as to Mr. Edwards).

The Defendant Grice's Mother testified that he (Defendant Grice) resided with her. She also provided ample rebuttal testimony which satisfied the exceptional circumstance exception which should have negated the presumption to detain the Defendant Grice. Mr. Grice's Mother, Lorraine Grice, testified that she was a State Correction's Officer; that she was fully able to supervise her son; that she had training and experience with electronic monitoring systems; and that should the Defendant Grice be released with an electronic monitor, she also had a separate telephone line at home which could be dedicated solely to electronic monitoring to maintain monitoring through the release.

Additionally, Ms. Grice testified that the Defendant Grice had substantial ties to the

community; was employed and had a job if released; that he had 5 children that he was supporting. She testified that she did not believe that the Defendant Grice was a flight risk. That, with all due respect, the Defendant Grice submits that he provided sufficient testimony to overcome any presumption to which the Court may have made concerning drugs seized (notwithstanding that the Defendant Grice was not found in possession of any drugs).

    As a result, the Defendant Grice Moves this Honorable Court to vacate the Detention Order and to enter an order allowing release on bail with such further restrictions which this Court may impose including electronic monitoring.

    5.    With all due respect to The Honorable Susan Russ Walker, Magistrate Judge, said Magistrate Judge was the same as the person executing the arrest warrant. As a result, she, acting in said capacity was not a detached and neutral magistrate judge reviewing the detention evidence which was premised upon the arrest warrant which she executed. As a result, bias and prejudice may have occurred through the use of a neutral and undetached magistrate judge whom also executed the arrest warrant causing the Defendant Grice to be arrested in this case.

    6.    The Defendant Grice submits that he has a substantial liberty interest in being provided bail. 8 *Corpus Juris Secundum* (CJS), Section 9, "B. RELEASE OR DETENTION PENDING TRIAL" states:

> "The right to bail is a fundamental of liberty underpinning Federal criminal proceedings, and is an essential guardian of the presumption of innocence, and should not be denied arbitrarily. The general rule favors the allowance of bail, and bail should be denied only for the strongest of reasons, or only as a matter of last resort, and doubts regarding the propriety of a pretrial release should be

resolved in favor of accused..."

Further on page 22, 8 CJS Section 9, it is stated:

> "While the Eighth Amendment does not grant an absolute right to bail, and does not prevent lengthy pretrial detention under certain limited circumstances, there is a substantive liberty interest in freedom from confinement."

The Defendant respectfully submits that his presumption of innocence should prevail, particularly when combined with the facts submitted by the Defendant Grice at his detention hearing to substantiate his release.

7.  The Defendant respectfully submits also that the rebuttable presumption set out in 18 U.S.C. 3145 (e) that said presumption runs contrary to the presumption of innocence which is a basic tenet of democratic society (i.e., all persons are presumed innocent until proven guilty in a court of law).

Additionally, Amendment VIII to the United States Constitution implies that bail should be available in all but capital cases. The prohibition set out in said Amendment is that bail not be excessive; not that it be rebuttably presumed to be refused based upon allegations not proven by a jury. The prohibition against excessive bail implies that bail should be available to all those persons accused of a crime with the further caveat that bail should not be set excessively.

While counsel acknowledges that current case law holds in effect that the issue of the right to bail is not construed as a fundamental right; the Defendant Grice respectfully submits that 18 U.S.C. 3142 is unconstitutional as Congress has, in effect, amended Constitutional Amendment VIII by enacting legislation which destroys the presumption of innocence

7

attached to democratic and free society principles and premises a denial of bail upon a presumption of guilt based upon drug quantity and a constructive presumption of a flight risk based upon drug quantity. Congress has in effect illegally enacted a constitutional amendment to Amendment VIII through 18 U.S.C. 3142 and subparts (e)(g)(4) where the effect of the statute is to modify Amendment VIII. Congress did so without compliance with Article V of the Constitution of the United States where no proposed amendment was made by two-thirds vote of both houses, nor on application to state legislatures, nor by constitutional convention.

The right to bail implied in Amendment VIII was removed by an unconstitutional act of Congress as a result.

8.   That based upon the above and foregoing, the Defendant Grice respectfully Moves this Court to Vacate the Detention Order and issue a new order allowing the Defendant Grice to be released on bail.

      Respectfully submitted,

      S/Donald G. Madison
      DONALD G. MADISON
      ASB-5199-M68D
      Attorney for Defendant Preston Grice
      418 Scott Street
      Montgomery, Alabama 36104
      Telephone  (334)-263-4800
      Facsimile   (334)-265-8511
      E-mail: btjarvis1@bellsouth.net
            btjarvis@knology.net

CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed this document on November 29, 2005, utilizing the CM/ECF system which will electronically notice the following parties:

Honorable Leura C. Garrett
United States Attorney

                                            S/Donald G. Madison
                                            DONALD G. MADISON
                                            ASB-5199-M68D
                                            Attorney for Defendant Preston Grice
                                            418 Scott Street
                                            Montgomery, Alabama 36104
                                            Telephone  (334)-263-4800
                                            Facsimile   (334)-265-8511
                                            E-mail: btjarvis1@bellsouth.net
                                                        btjarvis@knology.net